UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                   Plaintiff,<br><br>    -against-<br><br>CHARLES SAMEL,<br><br>                   Defendant. | 20 Civ. 10769 (DLC) |

**CONFIDENTIALITY ORDER**

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a) The following documents and information may be designated as 'confidential' provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it:

    _x_ Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.

    _x_ Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

    ___ Medical and Legal Records, including medical files and reports.

    ___ Non-public criminal history.

(b) If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for good cause shown.

(c) An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "confidential" on each page.

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices 'confidential,' and incorporate by reference the appended material into the responses.

At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

(d) Documents designated 'confidential' shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this order and shall further be advised of the obligation to honor the confidential designation. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

(e) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(f) The inadvertent, unintentional, or in camera disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as 'confidential,' the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this order.

(g) If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(h) ~~If any court filing incorporates confidential material or would reveal its contents, the portions of such filing shall be delivered to the Court in a sealed envelope prominently bearing the caption of this action and the label "Confidential: Filed Under Seal." Counsel shall file under seal those and only those specific documents and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential data, or that set forth the substance of such confidential information, unless independent good cause is demonstrated.~~

```
Parties seeking to file redacted or sealed material are directed to the procedures
set forth in Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions,
and Section 8 of this Court's Individual Practices.
```

(i) All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial 'Confidential' documents or information derived therefrom, such party shall provide reasonable advance notice to the other party by identifying the documents or information at issue as specifically as possible (*i.e.*, by Bates number, page range, deposition transcript lines, etc.) The documents then may be presented in open court at trial unless the party who received such notice obtains an order from the Court preventing such use.

(j) Within a reasonable period after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties or destroyed by the recipients, unless (1) the document has been offered into evidence or filed without restriction as to disclosure, or (2) with regard to any documents in the possession of Plaintiff Securities and Exchange Commission (the "Commission"), the Commission determines that it needs to retain such documents to fulfill its record-keeping obligations or to carry out any permitted uses under Commission Form 1662. Counsel may retain attorney work product, including an index which refers to or relates to information designated 'Confidential,' so long as work product does not duplicate verbatim substantial portions of the text or images of confidential documents. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use 'Confidential' documents.

(k) Notwithstanding any other provisions contained herein, this Order does not limit or restrict the Commission from using or disclosing any materials to the extent otherwise required by law or permitted pursuant to the terms of Commission Form 1662.

(l) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

Dated: New York, NY
March 5, 2021

/s/ Lindsay Moilanen
Philip Fortino, Esq.
Lindsay S. Moilanen, Esq.
SECURITIES AND EXCHANGE
 COMMISSION
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281-1022
(212) 336-1100
FortinoP@sec.gov

*Attorneys for Plaintiff Securities and Exchange Commission*

March 8, 2021.

_____
DENISE COTE
United States District Judge

3

Dated: New York, NY
      March 5, 2021                          __/s/ Robert Landy_____
                                                 Robert Landy, Esq.
                                                 Ford O'Brien LLP
                                                 575 Fifth Avenue, 17th Floor
                                                 New York, NY 10017
                                                 (212) 858-0040
                                                 rlandy@fordobrien.com

                                                 *Attorney for Defendant Charles Samel*


Dated: March ___, 2021                          _____
                                                 United States District Judge